ORIGINAL

FILED

02 MAR 10 PM 2:38

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. Cause No. EV 02-04-CR-01-Y/H |
| ) | |
| GOLDEN SUTTON, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582

Now comes the United States of America by counsel Timothy M. Morrison, Acting United States Attorney, and Bradley A. Blackington, Assistant United States Attorney, and presents the following argument in opposition to the defendant's motion:

### PROCEDURAL BACKGROUND

1. On October 28, 2002, the district court sentenced Golden Sutton ("Sutton") to a sentence of 300 months confinement.

2. The district court sentenced Sutton based upon a binding plea agreement pursuant to Rule 11(e)(1)(c). In the binding plea agreement, the government agreed to withhold from filing an information pursuant to 21 U.S.C. § 851(a)(1) which would have alleged that Sutton sustained two prior felony drug convictions.

3. The defendant's motion should be denied because his sentence did not rest on the applicable guideline range, but on an express stipulation in his plea agreement, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), as to the final sentence. A motion for reduction

SCANNED

5

of sentence under Section 3582(c)(2), based on a retroactive guideline amendment, is irrelevant where the defendant has entered and been sentenced pursuant to such a "C plea." As one appellate court correctly stated in this context, "the district court should have dismissed [the defendant's] motion without considering its merits." United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996). Accord United States v. Peveler, 359 F.3d 369, 377-79 (6th Cir. 2004); United States v. Hemminger, 114 F.3d 1192, 1997 WL 235838 (7th Cir. May 2, 1997) (unpublished). Therefore, the defendant's motion should be summarily denied.

WHEREFORE, the government requests the Court to deny the defendant's motion for relief pursuant to 21 U.S.C. § 3582.

Respectfully submitted,

TIMOTHY M. MORRISON
Acting United States Attorney

By:   Bradley A. Blackington
      Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204
Telephone: 317-226-6333

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, a copy of the foregoing Government's Response to Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 was mailed, by first class U.S. Mail, postage prepaid and properly addressed, to the following:

Golden Sutton
Inmate No. 06789-028
FCI - Beaumont
P.O. Box 26010
Beaumont, TX 77720

By: _____
Bradley A. Blackington
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204
(317) 226-6333

3