UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

Golden Sutton § CAUSE NO. EV 02-04-CR-01
 (Movant) §
 §
V. §
 §
United States of America §
 (respondent)

### PERMISSION TO FILE A LATE RESPONSE IN
### OPPOSITION TO THE GOVERNMENTS RESPONSE

Now comes Golden Sutton, (movant), Pro-se before The Honorable Judge of said Court requesting permission to file a late response to the governments response to petitioners 18 USC § 3582(c)(2).

### BACK GROUND

On February 28, 2008 Mr. Sutton filed a 18 USC § 3582 (c)(2) motion; thereafter, the Honorable Court ordered the government to respond, after several months had elapsed, Mr. Sutton wrote the clerk a letter requesting the disposition of his case; subsequently, the government had reasoned on March 11, 2008 but Mr. Sutton never received a copy of the response until the clerk mailed him one on or around June 13, 2008.

### ARGUMENT

The Government contends that Mr. Sutton can not receive the

benefit of the § 3582 motion because he entered into a plea agreement that bound him out side the guidelines and that if he would not have taken that plea agreement the government was going to file a mandatory minimum pursuant to the § 851, Mr. Sutton contends that the § 851 was waived by the government and should not be an issue. It is also movants contention that at the time of the plea agreement it was his under standing through his attorney that he was going to be sentenced pursuant to the guidelines and even if he was going to be sentenced as a career criminal it would have rendered a sentencing range of 262-327 (-3 for acceptance of responsibility); nevertheless, this could not be an option because indicated in the § 3582 motion he plead guilty to three counts of trafficking in a schedule II narcotic substance on April 20, 1992, **Docket No. 92CR46** and therefore were considered related offenses because they were under the same docket number; subsequently, Mr. Sutton was later charged in another offense for possession of a schedule II controlled substance **Docket No. 91Cr154-2** this could not qualify as a prior controlled substance offense pursuant to § **4B1.2 (b)** because it is possession rather then import, export, or distribution.

Mr. Sutton contends that the prior convictions that were used to establish the career criminal were actually the offenses that were considered related under **docket NO. 92CR46** and therefore was a miscarriage of justice to use in addition; originally the P.S.I was set up to reveal that the offenses were related, and it established (7) seven criminal history points with a criminal

history category of III; however, before the P.S.I was submitted to the Honorable Judge the criminal history points were crossed out to reveal 10 and the history category was crossed out to reveal a V. (see P.S.I).

Mr. Sutton asserts that if the agreed upon sentencing range would have stayed as it was suppose to without separating the related offenses his projected sentencing range would have been 188-235 months (-3 for acceptance of responsibility), combined with retroactive amendment Mr. Sutton sentencing range would be reduced to 151-188 months.

## ANALYSIS

Mr. Sutton asserts that **Amendment 706** does apply to him and that the court 's interpretation of the sentencing guidelines presents a question of law subject to **de novo** review, see **United States V. Smith,** 196 F.3d 676 (1999) (citing **United States V. Vincent,** 20 F.3d 229, 241 (6th Cir. 1994).

The statutory authority for Mr. Sutton's sentence modification request is **18 USC § 3582 (c)(2),** which provides as follows:

The court may modify a term of imprisonment once it has been imposed **except ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 USC § 994 (0), upon motion of the defendant....** after considering the factors set forth in section 3553(a) ... if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission. (emphasis added).

18 USC § 3553(a) lists the following relevant factors to be considered when ruling on a motion to modify:

(1) the nature an circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense....

(5) any pertinent policy statement issued by the Sentencing Commission ...

In a policy statement, the United States Sentencing Commission addressed the district courts exercise of it's discretion on a § 3582 motion stating:

> in determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 USC § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendments to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.....

see **Application note 2 to U.S.S.G. § 1B1.10.**

Mr. Sutton argues that he is eligible to a reduction of his sentence due to the Sentencing Commissions retroactive application of **Amendment 706** to the sentencing guidelines set

forth in revised § 1B1.10 of the U.S.S.G.

Mr. Sutton contends that 18 USC § 3582(c)(2) " empowers a the District Court to modify the prisoners sentence that would otherwise be final." see **United States V. Diaz** 248 F.3d 1965, 1107-08 (11th Cir.2001); **United States V. Aquino** 242 F.3d 859, 865 (9th Cir.2001).

The government contends that Mr. Sutton is bond by the plea agreement in which he agreed to be sentenced to 25 years (emphasis added). Mr. Sutton asserts that generally," Once the District Court has accepted a plea agreement, The sixth circuit has traditionally regarded the agreement as a type of contract, and... has analyzed the perspective obligations of the prosecution and the defendant under general principles of contract law." see **United States V. Skidmore**, 998 F.2d 392, 375 (6th Cir. 1993). A guilty plea however involves a waiver of at least three constitutional rights by a defendant ... and therefore, the analogy of a plea agreement to a traditional contract is not complete or precise, and the application of ordinary contract law principles to a plea agreement is not always appropriate." **Id.**, citing **United States V. Olesen**, 920 F.2d 538, 541 (8th Cir.1990).

In **United States V. Weaver** , 905 F.2d 1466 (11th Cir1990), The court noted the possibility of reformation of a Rule 11 plea agreement upon showing of a mutual mistake:

> Reformation of a written agreement is warranted only when the evidence demonstrates that the parties mutual mistake resulted in a written document which does not accurately reflect the terms of the agreement. Consequently, reformation is generally, without more, not an available remedy where evidence demonstrates mistake or change of only one of the

contracting parties.

**Id.** at 1472 In **dicta** the First circuit suggested that modification of a plea agreement under **Rule 11 (e)(1)(C)** may be justified upon a showing of mutual mistake **United States v. Teeter, 257 F3d 14, 28 n. 12 (1st Cir.2001).**

In the present case, Mr. Sutton asserts that there was a mutual mistake in his case, in that he did not qualify as a career criminal but yet it appears that the P.S.I. established a career criminal enhancement.

PRAYER

Mr. Sutton prays that this Honorable Court will grnt his **18 USC § 3582 (c)(2)** based on the information above.

Signed on this  /3rd  Day of August, 2008        _/s/ Golden Sutton_
                                                  Golden Sutton

## Certificate of Service

I Golden Sutton do hereby certify that on this 13th day of August, 2008 pursuant to 28 U.S.C § 1746 I have placed in the U.S. Mail system for inmates located at The Federal Prison in Beaumont, Texas the original and two copies in a self addressed envelope postage prepaid and addressed to:

> The Clerk of the court
> U.S. District Court
> Southern District of Indiana
> 304 Federal Building
> 101 N.W. Martin Luther King Blvd.
> Evansville, IN. 47708

And one copy to:

> Office of The Asistant U.S. Attorney
> 10 West Market Street
> Suite 2100
> Indianapolis, Indiana
>              46204

_____
Golden Sutton
Reg #